FILED
2020 MAY 11 PM 3:45
CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CRYSTAL LAGOONS US CORP,<br><br>　　　　Plaintiff,<br><br>v.<br><br>CLOWARD H20,<br><br>　　　　Defendant. | **ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND**<br><br>Case No. 2:19-CV-00796-BSJ<br><br>District Judge Bruce S. Jenkins |

　　　　On May 5, 2020, this matter came before the Court for oral argument on Defendant Cloward H2O's Motion to Dismiss the First Amended Complaint ("Motion") for lack of standing and failure to state a claim. Daniel McDonald appeared on behalf of Plaintiff Crystal Lagoons US Corp ("Crystal Lagoons"). Jared Braithwaite appeared on behalf of Defendant Cloward H2O ("Cloward"). Having considered the parties' briefs, the evidence presented, the arguments of counsel, and the relevant law, the Court ruled at the hearing and GRANTED the Motion. The Court's reasoning is set forth below.

## DISCUSSION

　　　　Crystal Lagoons' First Amended Complaint ("FAC") brought five claims against Cloward: 1) Patent infringement; 2) Federal unfair competition and false designation of origin under 15 U.S.C. § 1125(a); 3) State law unfair competition, Utah Code Ann. § 13-5A-102(4); 4) Tortious Interference with Contractual Relations under Utah Common Law; and 5) Intentional Interference with Prospective Economic Relations under Utah Common Law.[1]

---

[1] ECF No. 11.

I. Standard of Review

"[T]o withstand a motion to dismiss, a complaint must have enough allegations of fact, taken as true, 'to state a claim to relief that is plausible on its face.'" *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). However, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679.

II. Patent Infringement

The Court finds the plaintiff has not clearly asserted a claim of patent infringement. The patent in suit ("'514 Patent") is titled "Structure to contain a large water body of at least 15,000 m$^3$."[2] As Crystal Lagoons' counsel explained during the teleconference, the patented technology is for a combination of features in Claim 1 of the patent.[3] Claim 1 of the patent states:

> A structure to contain a large water body, including a water body larger than 15,000 m$^3$ (**feature 1**), for recreational use with color, transparency and cleanness characteristics similar to swimming pools or tropical seas (**feature 2**), wherein the structure includes a bottom and walls covered with a plastic liner made of a non-porous material able to be thoroughly cleaned (**feature 3**); wherein the depth of the structure to the bottom is about 0.5 meters or higher (**feature 4**), wherein the structure includes a system of skimmers for the removal of impurities and surface oils (**feature 5**), a fresh water feeding pipe system that allows entrance of fresh water and results in water removal by displacement of surface water through the skimmer system (**feature 6**), and a pumping system including a coupling means connected to a moveable suction device for cleaning the plastic liner (**feature 7**).[4]

"Direct infringement requires a party to perform each and every step or element of a claimed method or product." *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1320 (Fed.

---

[2] *Id.*
[3] Hr'g Tr. at 39.
[4] ECF No. 11.

Cir. 2009).[5] Here, the complaint does not sufficiently allege the accused structure contains all the features of the patent. Specifically, the complaint does not allege the accused structure contains feature three, a bottom and walls covered with a plastic liner. The complaint recites the elements of the patent and includes photographs of the accused structure,[6] but the photographs do not lead the Court to draw the inference that the walls are covered in a plastic liner. Beyond the photographs, the complaint does not allege factual support for the conclusory statement that the structure "includes a bottom and walls covered with plastic liner made of non-porous material able to be thoroughly cleaned."[7]

Additionally, the complaint alleges the accused structure includes a system of skimmers to remove impurities,[8] but it is not clear from the complaint if the patented invention uses unique skimmer technology that is also part of the accused structure. The complaint also alleges the accused structure uses a pumping system but does not explain how the accused structure infringes the same pumping system technology.

The Court notes that Cloward argued that Crystal Lagoons lacked standing. It appears from the complaint that Crystal Lagoons likely has standing, but the Court stated at the teleconference that the question of standing could be satisfied by an appropriate reference to the license agreement.[9]

III. <u>Trade Dress Infringement</u>

To obtain relief for trade dress infringement under § 43(a) of the Lanham Act, a plaintiff must show: "(1) The trade dress is inherently distinctive or has become distinctive through

---

[5] Quoting *BMC Res., Inc. v. Paymentech, L.P.*, 498 F.3d 1373, 1378 (Fed. Cir. 2007), *overruled* on other grounds by *Akamai Techs., Inc. v. Limelight Networks, Inc.*, 692 F.3d 1301 (Fed. Cir. 2012).
[6] ECF No. 11.
[7] *Id.*
[8] *Id.*
[9] Hr'g. Tr. at 54.

secondary meaning; (2) There is a likelihood of confusion among consumers as to the source of the competing products; and (3) The trade dress is nonfunctional." *Savant Homes, Inc. v. Collins*, 809 F.3d 1133, 1147 (10th Cir. 2016) (quoting *Gen. Motors Corp. v. Urban Gorilla, LLC*, 500 F.3d 1222, 1227 (10th Cir. 2007)).

The Court finds Crystal Lagoons has failed to state a claim for trade dress infringement on the face of the complaint. In its opposition memo to the Motion, Crystal Lagoons stated the protected trade dress is: "The unique and distinctive transparency and color of the water, the massive size, and the rounded shapes and curved geometry in conjunction with the lagoons' layout."[10] Crystal Lagoons did not explain how these features are inherently distinctive or why this combination of elements warrants trade dress protection. Further, Crystal Lagoons did not explain how such a trade dress is nonfunctional or has secondary meaning. While Crystal Lagoons argued in its opposition memo that these are questions of fact not properly decided on a motion to dismiss,[11] the Court finds that the complaint does not allege a plausible trade dress on the face of the complaint. Additionally, the Court notes the complaint describes the lagoon as a functional structure.[12]

IV. <u>State law unfair competition</u>

Under Utah Code section 13-5A-102(4), unfair competition means "an intentional business act or practice that": 1) "is unlawful, unfair, or fraudulent" and; 2) "leads to a material diminution in value of intellectual property" and; 3) is "infringement of a patent, trademark, or trade name."[13] As one of the elements of a claim for unfair competition under the statute is patent

---

[10] ECF No. 26.
[11] *Id.*
[12] ECF No. 11.
[13] UTAH CODE § 13-5A-102(4) (West 2011). The Court notes that section (4)(b)(ii) also includes (A) malicious cyber activity; (C) a software license violation; or (D) predatory hiring practices. However, the complaint only alleges patent and trade dress infringement, so the Court need not address the other elements.

or trademark infringement, the complaint fails to state a claim here for the reasons cited above regarding patent and trade dress infringement. Additionally, the complaint does not clearly allege acts or practices that were unlawful, unfair, or fraudulent.

Crystal Lagoons argues that Cloward used confidential information provided to third parties under non-disclosure agreements to copy significant aspects of their design and patented technology.[14] However, Crystal Lagoons did not explain how the information regarding the patent could be confidential. Public disclosure of information is one of the tradeoffs patentees make in exchange for patent protection. Additionally, Crystal Lagoons did not explain how Cloward's alleged use of design information was unlawful when Cloward was not a party to the non-disclosure agreements. As such, the Court finds Crystal Lagoons failed to state a claim for state law unfair competition.

V. <u>Tortious Interference with Contractual Relations</u>

A claim of tortious interference with contractual relations requires an allegation of improper means. *C.R. England v. Swift Transp. Co.*, 437 P.3d 343, 347 (Utah 2019). The Utah Supreme Court defined improper means as those actions that "are contrary to law, such as violations of statutes, regulations, or recognized common-law rules, or actions that violate an established standard of a trade or profession." *Id.*[15] Conduct that may constitute improper means includes "violence, threats, or other intimidation, deceit or misrepresentation, bribery, unfounded litigation, defamation, or disparaging falsehood[s]." *Id.*

Crystal Lagoons has not sufficiently alleged improper means by Cloward. Crystal Lagoons alleges Cloward had knowledge of its non-disclosure agreements with other parties and

---

[14] ECF No. 26.
[15] Quoting *Leigh Furniture & Carpet Co. v. Isom*, 657 P.2d 293, 308 (Utah 1982), *overruled* on other grounds by *Eldridge v. Johndrow*, 2015 UT 21, 345 P.3d 553 (internal quotation marks omitted).

intentionally interfered with those agreements. But Crystal Lagoons does not allege how Cloward interfered with those agreements by improper means. While Crystal Lagoons argues that Cloward passed off its plans as its own, it appears from the complaint that another firm's name is on the plans rather than Cloward's. Crystal Lagoons further argues that Cloward violated the Code of Ethics for Engineers, but this allegation lacks factual support and thus does not rise to an allegation of improper means. As such, Crystal Lagoons failed to state a claim of tortious interference with contractual relations.

VI. Intentional Interference with Prospective Economic Relations

A claim for intentional interference with prospective economic relations likewise requires an allegation of improper means. *C.R. England*, 437 P.3d at 350. For the reasons stated above, Crystal Lagoons failed to plead improper means. Crystal Lagoons argued that Cloward knew of its business relationship with Seminole Gaming and intentionally engaged in unlawful conduct to interfere with that relationship.[16] However, Crystal Lagoons did not allege specific facts explaining how Cloward's conduct constituted improper means. Without more, the Court finds Crystal Lagoons failed to state a claim of intentional interference with prospective economic relations.

**ORDER**

Defendant's Motion is GRANTED. The case is dismissed with leave to amend. Plaintiff shall have 20 days from the date of this order to file an amended complaint.

DATED this 11th day of May, 2020.

Bruce S. Jenkins
United States Senior District Judge

---

[16] ECF No. 26.