Jared J. Braithwaite (UT State Bar No. 12455)
  jbraithwaite@mabr.com
Daniel R. Barber (UT State Bar No. 15993)
  dbarber@mabr.com
Alexis K. Juergens (UT State Bar No. 16861)
  ajuergens@mabr.com
MASCHOFF BRENNAN
111 South Main Street, Suite 600
Salt Lake City, Utah 84111
(801) 297-1850

Attorneys for Defendant Cloward H2O LLC

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| **Crystal Lagoons U.S. Corp.**, <br><br> Plaintiff, <br><br> v. <br><br> **Cloward H2O LLC**, <br><br> Defendant. | Civil No. 2:19-cv-00796-BSJ <br><br> **Cloward H2O LLC's Motion for Summary Judgment of Non-Infringement of the '514 Patent** <br><br> District Judge Bruce S. Jenkins |

i

**TABLE OF CONTENTS**

MOTION FOR SUMMARY JUDGMENT ........................................................................................ 1

MEMORANDUM IN SUPPORT OF THE MOTION ................................................................... 3

I. INTRODUCTION ............................................................................................................. 3

II. STATEMENT OF UNDISPUTED MATERIAL FACTS ....................................................... 4

III. ARGUMENT ..................................................................................................................... 4

    A. Crystal Lagoons admits that the claims of the '514 Patent do not include aquatic structures with filtration systems that "filter the entire volume of water." ........................................................................................................... 6

    B. It cannot be reasonably disputed that the Swimming Lake uses a filtration system that filters its entire volume of water, which falls outside the scope of the '514 Patent. ............................................................................................ 7

IV. CONCLUSION ................................................................................................................. 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Anderson v. Liberty Lobby, Inc.*,
   477 U.S. 242 (1986).................................................................................................................5

*Applied Genetics Intern., Inc. v. First Affiliated Secs., Inc.*,
   912 F.2d 1238 (10th Cir. 1990) ................................................................................................5

*Barmag Barmer Maschinenfabrik AG v. Murata Machinery, Ltd.*,
   731 F.2d 831 (Fed. Cir. 1984)...................................................................................................5

*Celotex Corp. v. Catrett*,
   477 U.S. 317 (1986).................................................................................................................4

*Markman v. Westview Instruments, Inc.*,
   52 F.3d 967 (Fed. Cir. 1995), *aff'd* 517 U.S. 370 (1996) ............................................................5

*MyMail, Ltd. v. America Online, Inc.*,
   476 F.3d 1372 (Fed. Cir. 2007).................................................................................................5

*Telemac Cellular Corp. v. Topp Telecom, Inc.*,
   247 F.3d 1316 (Fed. Cir. 2001).................................................................................................5

**Other Authorities**

DUCivR 56-1 ....................................................................................................................................1

Federal Rule of Civil Procedure 11 ...............................................................................................10

Federal Rule of Civil Procedure 56 ............................................................................................1, 4

## MOTION FOR SUMMARY JUDGMENT

Pursuant to Federal Rule of Civil Procedure 56 and DUCivR 56-1, Defendant Cloward H2O LLC ("Cloward H2O") respectfully moves the Court for summary judgment in Cloward H2O's favor and against Plaintiff Crystal Lagoons U.S. Corp. ("Crystal Lagoons") regarding its patent infringement claims for alleged infringement of United States Patent No. 8,062,514 ("'514 patent") from Crystal Lagoons' Second Amended Complaint (Docket No. 39).

Cloward H2O and Crystal Lagoons are both designers of aquatic structures, including large pools\lagoons for recreation. Both Crystal Lagoons and Cloward H2O were consulted in connection with the design of a large swimming lake for a casino and hotel owned by third-party Hard Rock Seminole d/b/a/ Seminole Gaming ("HRS"). This dispute then arises because HRS ultimately selected Cloward H2O as the designer of that swimming lake ("Swimming Lake") instead of Crystal Lagoons.

Although this case is in its beginning stage, summary judgment of non-infringement with respect to the '514 Patent is appropriate because (1) there is no dispute that the claims of the '514 Patent do not extend to aquatic structures with water filtration systems that filter the entire volume of water of aquatic structure, and (2) it is undisputable that the Swimming Lake uses a water filtration systems that filters its entire volume of water.

This Motion is made under Federal Rule of Civil Procedure 56 and DUCivR 56-1 and is based on this Motion, the supporting Memorandum herein, the Appendix in Support of Cloward H2O LLC's Motion for Summary Judgment of Non-Infringement of the '514 Patent ("Appendix" or "Appx.") filed concurrently herewith, the pleadings and papers on file in the action, those matters of which the Court may properly take judicial notice, and such other

evidence presented to the Court for determination of the Motion. Cloward H2O respectfully requests that this Court enter summary judgment in its favor on the matters set forth in the Motion, and for such other and further relief as this Court deems appropriate.

Dated: June 18, 2020.

Respectfully Submitted,

MASCHOFF BRENNAN

By: /s/ Jared J. Braithwaite
Jared J. Braithwaite
Daniel R. Barber
Alexis K. Juergens

Attorneys for Defendant Cloward H2O LLC

**MEMORANDUM IN SUPPORT OF THE MOTION**

I.  **INTRODUCTION**

Cloward H2O and Crystal Lagoons are both designers of aquatic structures, including large pools for recreation. Both Crystal Lagoons and Cloward H2O were consulted in connection with the design of a large swimming lake for a casino and hotel owned by third-party Hard Rock Seminole d/b/a/ Seminole Gaming ("HRS"). This dispute then arises because HRS ultimately selected Cloward H2O as the designer of that swimming lake (picture below; "Swimming Lake") instead of Crystal Lagoons.



Crystal Lagoons accuses Cloward H2O of infringing U.S. Patent 8,062,514 ("'514 patent") through Cloward H2O's design of the Swimming Lake, which was built by Pacific Aquascape International and is owned by HRS.

Cloward H2O brings this Motion before discovery in this case because Crystal Lagoons' admits that the claims of the '514 Patent do not cover aquatic structures with filtration systems that "filter the entire volume of water," and the undisputable fact—which Crystal Lagoons

3

should know if it conducted an adequate infringement investigation—that the Swimming Lake employs a filtration system that filters the Swimming Lake's entire volume of water multiple times each day and does not infringe the '514 Patent.

## II. STATEMENT OF UNDISPUTED MATERIAL FACTS

1. Aquatic Structures with water filtration systems that "filter the entire volume of water" of the aquatic structure "would not infringe Crystal Lagoons patents," including the '514 Patent. (Docket No. 11, First Amended Complaint, at ¶ 63; *see also* Docket No. 39, Second Amended Complaint, at ¶ 26(1).)

2. The Swimming Lake employs a centralized filtration system, with two filter mechanical buildings (one on North end and one on the South end) to filter its entire volume of water every 10.57 hours. (Appx. Ex. 2, Cloward Declaration, at ¶¶ 4–16; Appx. Ex. 3, Severson Declaration at ¶¶ 5–6.)

## III. ARGUMENT

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. And "a party may file a motion for summary judgment at any time until 30 days after the close of all discovery." *Id.* "While the party moving for summary judgment bears the burden of showing the absence of a genuine issue of material fact, the moving party need not negate the nonmovant's claim, but need only point out to the district court that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

If the moving party carries this initial burden, the party opposing the motion for summary judgment "may not rest upon mere allegations or denials of his pleading," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986), but "must set forth specific facts showing that there is a genuine issue for trial as to those dispositive matters for which it carries the burden of proof." *Applied Genetics Intern., Inc. v. First Affiliated Secs., Inc.*, 912 F.2d 1238, 1241 (10th Cir. 1990) (citing *Celotex*, 477 U.S. at 324). An issue of material fact is "genuine" if a "reasonable jury could return a verdict for the nonmoving party," and the "mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient" to defeat a properly supported motion for summary judgment. *Anderson*, 477 U.S. at 248, 252.

Ordinarily, the patent infringement analysis is a two-step process. First, the Court must determine the meaning and scope of the patent claims. Second, the trier of fact must compare the properly construed claims to the product accused of infringement. *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 976 (Fed. Cir. 1995), *aff'd* 517 U.S. 370 (1996). "Summary judgment is as appropriate in a patent case as in any other" when only one conclusion as to infringement could be reached by a reasonable jury. *Barmag Barmer Maschinenfabrik AG v. Murata Machinery, Ltd.*, 731 F.2d 831, 835 (Fed. Cir. 1984); *see also Telemac Cellular Corp. v. Topp Telecom, Inc.*, 247 F.3d 1316, 1323 (Fed. Cir. 2001). Accordingly, when there can be no dispute regarding the operation of the accused structure, then the issue of infringement "reduces to a question of claim interpretation and is amenable to summary judgment." *MyMail, Ltd. v. America Online, Inc.*, 476 F.3d 1372, 1378 (Fed. Cir. 2007).

### A. Crystal Lagoons admits that the claims of the '514 Patent do not include aquatic structures with filtration systems that "filter the entire volume of water."

Crystal Lagoons' states that there are at least two technologies that exist to maintain water bodies: "(1) Traditional swimming pool filtration technologies that is usually applied in relatively small water bodies that consists of a centralized filtration system and a large number of inlets/outlets and piping network located in the structure of the water body in order to allow the filtration of the entire volume of water homogeneously and efficiently, and (2) the use of flocculants to flocculate suspended particles that fall into the bottom and are then removed by a suction device, which is usually applied in larger water bodies and is part of Crystal Lagoons technology." (Docket No. 11, First Amended Complaint, at ¶ 62.) Crystal Lagoons goes on to admit that the traditional swimming pool filtration technologies in which the entire volume of water is filtered "would not infringe Crystal Lagoons patents," including the '514 Patent. (Docket No. 11, First Amended Complaint, at ¶ 63) Thus, whatever the scope of the claims of the '514 Patent, they admittedly do not extend to filtration technologies that filter the entire volume of water of an aquatic structure.[1] (*Id.*)

Crystal Lagoons' admission makes sense in light of the '514 Patent itself, which notes that traditional filtration systems that filter the water "every 4 to 12 hours" are prior art to the '514 Patent. (Appx. Ex. 1, '514 Patent, at col. 3, lns. 12–16.) The '514 Patent also provides an example of traditional filtering that is described as filtering a 250,000m$^3$ water body only once

---

[1] Cloward H2O originally filed this Motion before the Court dismissed Crystal Lagoons' claims in its first amended complaint. (*See* Docket No. 32.) After the Court dismissed Crystal Lagoon's First Amended Complaint, Cloward H2O withdrew the Motion and has now refiled it after Crystal Lagoons filed its Second Amended Complaint. (*See* Docket Nos. 37–38.)

per day with a 2,893 lts/sec "Traditional filter."[2] (Appx. Ex. 1, '514 Patent, at col. 18, Table 5.) To replace traditional filtering, the '514 Patent teaches the use of "flocculants" (which cause water impurities to precipitate out of the water and fall to the bottom) and suction devices to remove the impurities from the bottom of the aquatic structure. (*Id.* at col. 7, lns. 17–21; *see also id.* at Abstract.) As a result of replacing traditional filtration systems, the '514 Patent boasts that the water renewal rate through use of its teachings is on the order of 60 to 150 *days* as opposed to turnover of the water "every 4 to 12 hours" through a filter (*Compare id.* at col. 7, lns. 32–35 *with id.* at col. 3, lns. 12–16.)

Because both Crystal Lagoons and the '514 Patent admit that the claims do not encompass filtration systems that filter the entire volume of water, for example, every 4 to 12 hours, the Court should likewise find that the claims of the '514 Patent do not cover such filtration systems.

> **B.    It cannot be reasonably disputed that the Swimming Lake uses a filtration system that filters its entire volume of water, which falls outside the scope of the '514 Patent.**

Since the claims of the '514 Patent do not cover aquatic structures with filtration systems that filter the entire volume of water, for example, every 24 hours, the only question on this Motion for the determination of non-infringement is whether the Swimming Lake uses such a filtration system. The undisputable evidence is that the Swimming Lake uses a filtration system that filters its entire volume of water multiple times per day.

Crystal Lagoons admits that the Hard Rock Swimming Lake was designed as a conventional swimming pool with a swimming pool filtration equipment and a large number of

---

[2] $250,000 m^3 = 250,000,000$ liters. And a 2,893 liters/second filtering system filters 249,955,200 liters/day (2,893 liters/second × 86,400 seconds/day).

inlets and outlets to filter the entire volume of water. (Docket No. 39, Second Amended Complaint, at ¶ 30.) Nevertheless, Crystal Lagoons surmises that the Swimming Lake lacks water inlets on its bottom as called for by the plans because Crystal Lagoons did not observe them during the Swimming Lake's construction and on that basis alleges that the Swimming Lake was not built according to Cloward H2O's plans. (*Id.* ¶ 32.)

Crystal Lagoons' spurious allegations in this regard raise serious questions about the adequacy of its pre-filing investigation for this lawsuit. If Crystal Lagoons had made site observations (it is a casino and hotel open to the public after all), then Crystal Lagoons would know that the Swimming Lake has a centralized filtration system with two mechanical buildings where the pumps and filters are located to filter the entire volume of water of the Swimming Lake. (Appx. Ex. 2, Cloward Declaration, at ¶¶ 4–16; Appx. Ex. 3, Severson Declaration at ¶¶ 5-6.) Further, like a traditional filter system for a conventional swimming pool, the Swimming Lake uses a combination of wall inlets, floor inlets, bottom drains, and skimmers to take water from the Swimming Lake and return it after being filtered and chemically treated. (*Id.*) This filtration system has a flow rate of 6,400 gallons per minute, which filters the entire volume of water every 10.57 hours. (*Id.*)

The water inlets (that Crystal Lagoons alleges are absent) can be easily observed, in person, on the bottom of the Lagoon. In fact, the inlets were so apparent during construction of the Swimming Lake that they can be seen in aerial photographs available to the public on Google Earth/Google Maps.[3]

---

[3] *See* https://www.google.com/maps/search/Hotels/@26.052725,-80.2084165,84m/data=!3m1!1e3!4m5!2m4!5m3!5m2!4m1!1i2



These inlets match the inlet locations in the plans alleged in Crystal Lagoon's Second Amended Complaint, which are described as non-infringing—but which Crystal Lagoons says it "assumes" are not accurate because Crystal Lagoons allegedly did not see the inlets during construction.



(*See* Docket No. 39, Second Amended Complaint, at p. 30.) Crystal Lagoons' failure to adequately perform a pre-filing investigation or willful blindness to publicly observable facts does not allow it to escape judgment on unfounded claims.

9

According to Crystal Lagoons' own admission and the description of prior-art traditional filtration systems in the '514 Patent, the filtration system of the Swimming Lake is a filtration system that falls outside the scope of the claims of the '514 Patent. Crystal Lagoons has no evidence to place this fact in genuine dispute nor would discovery in this matter change the fact that the Swimming Lake has a traditional filtration system—something that Crystal Lagoons should have known if it conducted an adequate infringement investigation before filing this lawsuit. Crystal Lagoons was obligated to investigate the bases for its allegations before bringing this lawsuit and making representations to the Court. *See* Federal Rule of Civil Procedure 11. Early summary judgment is appropriate because Crystal Lagoons should not be allowed to force Cloward H2O through a costly lawsuit on a claim that will never present a genuine issue of fact because the Swimming Lake cannot infringe the '514 Patent.

## IV.   CONCLUSION

For the foregoing reasons, the Court should grant Cloward H2O's Motion and enter judgement on Crystal Lagoons' Second Amended Complaint for patent infringement and hold that the Swimming Lake does not infringe the '514 Patent.

Dated: June 18, 2020.                                      Respectfully Submitted,

MASCHOFF BRENNAN

By:  */s/ Jared J. Braithwaite*
     Jared J. Braithwaite
     Daniel R. Barber
     Alexis K. Juergens

Attorneys for Defendant Cloward H2O LLC