Jared J. Braithwaite (UT State Bar No. 12455)
  jbraithwaite@mabr.com
Daniel R. Barber (UT State Bar No. 15993)
  dbarber@mabr.com
Alexis K. Juergens (UT State Bar No. 16861)
  ajuergens@mabr.com
MASCHOFF BRENNAN
111 South Main Street, Suite 600
Salt Lake City, Utah 84111
(801) 297-1850

Attorneys for Defendant Cloward H2O LLC

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **Crystal Lagoons U.S. Corp.**, and **Crystal Lagoons Technologies, Inc.**,<br><br>Plaintiffs,<br><br>v.<br><br>**Cloward H2O LLC**,<br><br>Defendant. | Civil No. 2:19-cv-00796-BSJ<br><br>**Cloward H2O LLC's Short Form Discovery Motion to Compel Compliance with Local Patent Rule 2.3 or to Strike Non-Compliant Contentions**<br><br>District Judge Bruce S. Jenkins |

Pursuant to DUCivR 37-1, Cloward H2O moves for an order to compel Crystal Lagoons to comply with LPR 2.3 or to strike non-compliant contentions and for an award of fees under FRPC 37(a)(5)(A). The parties made reasonable efforts to reach agreement on these matters through correspondence and a telephonic meeting between the parties' counsel, Jared Braithwaite and Eric Chad, on January 19, 2021.

"[T]he District of Utah's local patent rules were designed 'to require the parties to provide the particulars behind allegations of infringement ... at an early date." *Vivint, Inc. v. Alarm.com Inc.*, Case No. 2:15-cv-392, 2020 WL 3871346, *6 (D. Utah Jul. 9, 2020). Thus, LPR 2.3(c) requires disclosure of "a chart identifying *specifically* where each element of each asserted claims is found within each Accused Instrumentality...." LPR 2.3(c) (emphasis added). While an "Accused Instrumentality" might be a product or device in the case of claims that cover items, for method patent claims, an "Accused Instrumentality" may be a "process, method, [or] act." LPR 2.1.

Crystal Lagoons' infringement contentions (Ex. A) do not identify with specificity any such processes, methods, or acts for the asserted method claims of the '822 and '520 Patents. For example, claim elements 1.2–1.5 of the '520 Patent requires performance of the act of "identifying a portion of water" with multiple subzones. Crystal Lagoons fails to disclose any actor or instrumentality that performs this identifying step and, instead, provides its own identification and states that the "Cloward Lagoon" includes the portion with multiple zones. But Crystal Lagoons does not claim infringement against itself, and a structure itself is not performance of the method steps. *Ricoh Co. v. Quanata Computer Inc.*, 550 F.3d 1325, 1335 (Fed. Cir. 2008). This is a widespread issue for each of the method steps, and Cloward H2O

requests full briefing, if the Court wishes an exhaustive catalog. (*See* Ex. A, claim chart at pp. 22–26, 39–41.) Crystal Lagoons is silent on the who or what that is performing those claimed steps.

Allegations of indirect infringement require "an identification of any direct infringement and a description of the acts of the alleged indirect infringer that contribute to or are inducing that direct infringement." LPR 2.3(e). Crystal Lagoons is silent on the acts of Cloward H2O that contribute to or induce infringement—opting only for a boilerplate statement for the '514 Patent and no statement at all for the '822 and '520 Patents. (Ex. A, at p. 4.) While, Crystal Lagoons' claim chart cites to the lagoon engineering plans and internal Cloward H2O communications ostensibly for its direct infringement claims, the infringement contentions do not identify what *acts* performed by Cloward H2O allegedly induced performance of the method steps by another alleged direct infringer. Boilerplate recitations do not suffice, and an identification of which acts lead to which alleged infringing behavior is required. *Geovector Corp. v. Samsung Elecs. Co.*, Case No. 16-cv-02463, 2017 WL 76950, *6 (N.D. Cal. Jan. 9, 2017) (analyzing identically worded local rule from N.D. Cal.)

Dated: January 27, 2021.

Respectfully Submitted,

MASCHOFF BRENNAN

By: */s/ Jared J. Braithwaite*
    Jared J. Braithwaite
    Daniel R. Barber
    Alexis K. Juergens

Attorneys for Defendant Cloward H2O LLC