Jared J. Braithwaite (UT State Bar No. 12455)
  jbraithwaite@mabr.com
Daniel R. Barber (UT State Bar No. 15993)
  dbarber@mabr.com
Alexis K. Juergens (UT State Bar No. 16861)
  ajuergens@mabr.com
MASCHOFF BRENNAN
111 South Main Street, Suite 600
Salt Lake City, Utah 84111
(801) 297-1850

Attorneys for Defendant Cloward H2O LLC

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **Crystal Lagoons U.S. Corp.;**<br>**Crystal Lagoons Technologies, Inc.**,<br><br>        Plaintiffs,<br><br>v.<br><br>**Cloward H2O LLC**,<br><br>        Defendant. | Civil No. 2:19-cv-00796-BSJ<br><br>**Cloward H2O LLC's**<br>**Motion For Summary Judgment of**<br>**Non-Infringement in Light of**<br>**Claim Construction**<br><br>District Judge Bruce S. Jenkins |

# TABLE OF CONTENTS

I. INTRODUCTION ................................................................................................3

II. STATEMENT OF UNDISPUTED MATERIAL FACTS ...........................................3

III. ARGUMENT......................................................................................................4

    A. Cloward H2O does not infringe the '514 or '822 Patents because the accused Hard Rock Lagoon lacks several claim elements. ...............................................6

        1. The Hard Rock Lagoon's walls substantially vertical surfaces (i.e., walls) are covered in concrete, not plastic. .................................................6

        2. The plastic liner on the bottom of the Hard Rock Lagoon cannot be thoroughly cleaned because it includes water inlets and floor drains for a traditional filtration system, which interferes with the claimed thorough cleaning of the plastic liner. ......................................................................6

        3. The Hard Rock Lagoon recycles, but does not eliminate, surface water through its skimmers..................................................................................7

        4. The Hard Rock Lagoon does not use a suction device as a replacement to traditional water filtration. .......................................................................8

    B. Cloward H2O does not infringe the asserted claims of the'520 patent because the entirety of the Hard Rock Lagoon is chemically treated and filtered to the same standards regardless of water salinity or temperature................................9

        1. The entire Hard Rock Lagoon is intended for recreational purposes. ........9

        2. Water maintenance of the Hard Rock Lagoon's is consistent with conventional swimming pool maintenance for maintaining a permanently high ORP regardless of water salinity or temperature...........10

IV. CONCLUSION................................................................................................11

## TABLE OF AUTHORITIES

**Cases**

*Celotex Corp. v. Catrett*,
  477 U.S. 317 (1986) ................................................................................................ 5

*Markman v. Westview Instruments, Inc.*,
  52 F.3d 967 (Fed. Cir. 1995) ................................................................................... 5

*Streamfeeder, LLC v. Sure-Feed Systems, Inc.*,
  175 F.3d 974 (Fed. Cir. 1999) ............................................................................. 2, 7

*Universal Money Ctrs., Inc. v. Am. Tel. & Tel. Co.*,
  22 F.3d 1527 (10th Cir. 1994) ................................................................................. 5

*Utah Med. Prods., Inc. v. Clinical Innovations Assocs., Inc.*,
  79 F. Supp. 2d 1290 (D. Utah 1999) ....................................................................... 6

*Water Pik, Inc. v. Med-Sys., Inc.*,
  726 F.3d 1136 (10th Cir. 2013) ............................................................................... 5

**Rules**

DUCivR 56-1 .................................................................................................................... 1

Federal Rule of Civil Procedure 56 ............................................................................... 1, 4

LPR 6.2 ............................................................................................................................. 1

## MOTION FOR SUMMARY JUDGMENT

Pursuant to Federal Rule of Civil Procedure 56, DUCivR 56-1 and LPR 6.2, Defendant Cloward H2O respectfully moves for summary judgment of non-infringement against Crystal Lagoons U.S. Corp. and Crystal Lagoons Technologies, Inc. (collectively "Crystal Lagoons") as to claims 1–4 and 7 of U.S. Patent No. 8,062,514 ("'514 Patent"), claims 1, 2, 5, 9, 11, and 14 of U.S. Patent No. 8,753,520 ("'520 Patent"), and claims 1, 7 and 9 of U.S. Patent No. 9,708,822 ("'822 Patent") ("Asserted Patents") on the ground that if the Court construes the claims in accordance with any of Cloward H2O's proposed constructions, then there is no factual dispute that the accused water structure does not infringe the Asserted Patent.

Summary judgment of non-infringement as to the Asserted Patents is appropriate because there is no dispute that (1) its substantially vertical surfaces are covered in concrete; (2) it utilizes traditional filtration technology with an extensive system of water inlets and outlets that disrupt thorough cleaning of the bottom liner; (3) rather than eliminate water, its skimmers recycle water through its traditional filtration system; (4) it does not use a suction device as a replacement for traditional water filtration; (5) the entirety of the water of the Hard Rock lagoon is treated and intended for recreational purposes; and (6) water maintenance is consistent with conventional swimming pool maintenance and is not based on the salinity or temperature of the water.

Each of the forgoing are required elements of the independent claims of the asserted patents. Because each of those elements are not found in the accused structure, the accused structure does not infringe the Assert Patents. And because dependent claims incorporate all the elements of the independent claims on which they depend, the dependant claims are likewise not infringed. *Streamfeeder, LLC v. Sure-Feed Systems, Inc.*, 175 F.3d 974, 984 (Fed. Cir. 1999) (noting that "if an accused infringer does not infringe an independent claim, it cannot infringe

claims that depend on that independent claim.") Thus, if claim 1 from each Asserted Patent does not infringe, nor do any of the other asserted dependent claims.

This Motion is made under Federal Rule of Civil Procedure 56, DUCivR 56-1, and LPR 6.2, and is based on this Motion, the supporting Memorandum herein, the Appendix in Support of Cloward H2O LLC's Motion for Summary Judgment of Non-Infringement ("Appx.") filed concurrently herewith, the pleadings and papers on file in this action, those matters of which the Court may properly take judicial notice, and such other evidence presented to the Court for determination of the Motion. Cloward H2O respectfully requests that this Court enter summary judgment in its favor as set forth in the Motion, and for such other and further relief as this Court deems appropriate.

Dated: May 24, 2021

by:  */s/ Jared J. Braithwaite*
    Jared J. Braithwaite
    Daniel R. Barber
    Alexis K. Juergens
    MASCHOFF BRENNAN

Attorneys for Defendant Cloward H2O LLC

## MEMORANDUM IN SUPPORT OF THE MOTION

### I.     INTRODUCTION

Crystal Lagoons accuses Cloward H2O of patent infringement—both parties are designers of aquatic structures such as large pools for recreation. Crystal Lagoons accuses the Hard Rock Lagoon, a large swimming lake for a hotel and casino owned by third-party Hard Rock Seminole d/b/a/ Seminole Gaming, of infringing the Asserted Patents.

Crystal Lagoons maintains a thin infringement case based on untenable interpretations of the claims in its patents to cover pre-existing, traditional filtration and cleaning technology such as that for swimming pools. The Hard Rock Lagoon cannot infringe the Asserted Patents because (1) its substantially vertical surfaces are covered in concrete; (2) it utilizes traditional filtration technology with an extensive system of water inlets and outlets that disrupt thorough cleaning of the bottom liner; (3) rather than eliminate water, its skimmers recycle water through its traditional filtration system; (4) it does not use a suction device as a replacement for traditional water filtration; (5) the entirety of the water of the Hard Rock lagoon is treated and intended for recreational purposes; and (6) water maintenance is consistent with conventional swimming pool maintenance and is not based on the salinity or temperature of the water. The lack of a dispute about any one of the forgoing makes summary judgment of non-infringement of appropriate.

After proper construction of the disputed claims terms, there and no factual disputes regarding certain claim limitations such that summary judgment of non-infringement is appropriate.

### II.    STATEMENT OF UNDISPUTED MATERIAL FACTS

1.    The substantially vertical surfaces of the Hard Rock Lagoon are covered in concrete, not plastic. (Appx. Ex. 4, Cloward Decl., at ¶¶ 11, 16.)

2. The bottom of the Hard Rock Lagoon contains floor inlets and floor drains for recirculation of the water through a filtration system. (Appx. Ex. 4, Cloward Decl., at ¶ 7–10.)

3. The Hard Rock Lagoon contains skimmers that recycle surface water through the filtration system. (Appx. Ex. 4, Cloward Decl., at ¶¶ 7–10.)

4. The Hard Rock Lagoon's skimmer system does not eliminate displaced surface water from the lagoon but rather recycle the water through the Hard Rock Lagoon's filtration system. (Appx. Ex. 4, Cloward Decl., at ¶¶ 5, 7, 10.)

5. The Hard Rock Lagoon does not use pool vacuums as a replacement for a traditional water filtration system. (Appx. Ex. 4, Cloward Decl., at ¶¶ 5–15.)

6. The entirety of the Hard Rock Lagoon is intended for recreational purposes. (Appx. Ex. 4, Cloward Decl., at ¶ 4.)

7. The entirety of the Hard Rock Lagoon is intended to have the same sanitary characteristics and compliance under expected bather loads. (Appx. Ex. 4, Cloward Decl., at ¶ 4.)

8. The Hard Rock Lagoon is not designed for controlling microbiological properties for only a portion of the Hard Rock Lagoon. (Appx. Ex. 4, Cloward Decl., at ¶ 4.)

9. Water maintenance for the Hard Rock Lagoons is consistent with conventional swimming pool maintenance, maintaining a high ORP regardless of water salinity or temperature. (Appx. Ex. 4, Cloward Decl., at ¶ 21.)

### III.   ARGUMENT

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. And "[s]ummary judgment is appropriate if the pleadings, depositions, other discovery materials, and affidavits demonstrate the absence of a genuine issue of material fact

and that the moving party is entitled to judgment as a matter of law." *Water Pik, Inc. v. Med-Sys., Inc.*, 726 F.3d 1136, 1143–44 (10th Cir. 2013).

The party moving for summary judgment bears the burden of showing "the absence of a genuine issue of material fact," *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986), but the moving party need not negate the nonmovant's claim, but need only "point[] out to the district court…that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325. "If the moving party carries this initial burden, the party opposing the motion for summary judgment 'may not rest upon mere allegations or denials of his pleading'…'The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient' to defeat a properly supported motion for summary judgment." *Universal Money Ctrs., Inc. v. Am. Tel. & Tel. Co.*, 22 F.3d 1527, 1529 (10th Cir. 1994).

When determining patent infringement, there are two steps: (1) the court must determine the meaning and scope of the patent claims, and (2) then it must compare the properly construed claims to the allegedly infringing device. *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 976 (Fed. Cir. 1995). "[I]f the Court finds that 'no reasonable jury could find that every limitation recited in the properly construed claim … is found in the accused device'… summary judgment of noninfringement should be granted." *Utah Med. Prods., Inc. v. Clinical Innovations Assocs., Inc.*, 79 F. Supp. 2d 1290, 1299 (D. Utah 1999), *aff'd*, 251 F.3d 171 (Fed. Cir. 2000).

After claim construction, all that remains is to compare the construed claims to the accused instrumentality (i.e., Hard Rock Lagoon). And because there is no dispute that the Hard Rock Lagoon's substantially vertical surfaces are covered in concrete, utilizes traditional filtration technology, recycles surface water through its traditional filtration and cleaning system, treats the

*entirety* of the Hard Rock Lagoon rather than parts of it, and does not have water maintenance based on the salinity or temperature of the water, summary judgment is appropriate.

    A.    **Cloward H2O does not infringe the '514 or '822 Patents because the accused Hard Rock Lagoon lacks several claim elements.**

        1.   **The Hard Rock Lagoon's walls substantially vertical surfaces (i.e., walls) are covered in concrete, not plastic.**

The '514 Patent claims a structure to contain a large water body, "wherein the structure includes a bottom and walls covered with a plastic liner made of a non-porous material able to be thoroughly cleaned." (Appx. Ex. 1, '514 Patent, at col. 19, lns. 30–32.) "Walls," as properly construed, are substantially vertical surfaces of the structure. It is undisputed that the substantially vertical surfaces of the Hard Rock Lagoon's structure are covered in concrete and do not have exposed plastic liner able to be cleaned. (Appx. Ex. 4, Cloward Decl., at ¶¶ 11, 16.)

Accordingly, there is no factual dispute that Hard Rock Lagoon does not have "walls covered with plastic liner made of a non-porous material able to be thoroughly cleaned" as required by the asserted claims. Thus, summary judgment of non-infringement is appropriate as to the asserted claims of the '514 Patent (claims 1–4 and 7).[1]

        2.   **The plastic liner on the bottom of the Hard Rock Lagoon cannot be thoroughly cleaned because it includes water inlets and floor drains for a traditional filtration system, which interferes with the claimed thorough cleaning of the plastic liner.**

The bottom of the Hard Rock Lagoon is unable to be thoroughly cleaned as required by the Asserted Claims of the '514 Patent because the plastic liner is interrupted by floor inlets that spray water disturbing the ability to thoroughly clean the plastic liner. As Crystal Lagoons stated

---

[1] Claims 2–4 and 7 of the '514 Patent depend from claim 1 and include all of claim 1's limitations by reference. *Streamfeeder, LLC v. Sure-Feed Systems, Inc.*, 175 F.3d 974, 984 (Fed. Cir. 1999) (noting that "if an accused infringer does not infringe an independent claim, it cannot infringe claims that depend on that independent claim.")

during prosecution of the '514 Patent, the presence of water injectors and, such as floor inlets on the bottom of a structure, and a filtration system are "incompatible with" the '514 Patent because such devices "would not allow the normal functioning of a bottom cleaning device (e.g., a suctioning device)." (Appx. Ex. 5, '514 Patent Reply to Office Action of March 1, 2011 at 6.)

In total, the Hard Rock Lagoon has 115 inlets, 10 floor drain, and other recirculation equipment for recirculation of water through massive water filters. (Appx. Ex. 4, Cloward Decl., at ¶¶ 7–10.) According to Crystal Lagoons such structures interrupting the plastic linter are incompatible with the claimed invention of the '514 Patent because they prevent thorough cleaning of the linter by the suction device. Additionally, as admitted by Crystal Lagoons, if the Hard Rock Lagoon was a "conventional swimming pool with a swimming pool filtration system and a large number of inlets [i.e., 80] and outlets to filter the entire volume of water [it] therefore *would not infringe* Crystal Lagoons[sic] patents." (Dkt. No. 2 at ¶¶ 67, 71; Dkt. No. 11 at ¶¶ 63, 67) (emphasis added). Crystal Lagoons specifically admitted that if the Hard Rock Lagoon included at least 80 inlets in the bottom and walls then it would *not* infringe its patents—the Hard Rock Lagoon has 115 such inlets. (Dkt. No. 2 at ¶ 71; Dkt. No. 11 at ¶ 67; Appx. Ex. 4, Cloward Decl., at ¶¶ 7–10.)

There is no factual dispute that the Hard Rock Lagoon does not have a uniform liner that is able to be thoroughly cleaned but that its plastic liner is interrupted by water inlets and floor drains for a filtration system. Thus, Cloward H2O's Motion is appropriate and non-infringement of the claims 1–4 and 7 of the '514 Patent should be granted.

### 3. The Hard Rock Lagoon recycles, but does not eliminate, surface water through its skimmers.

The '514 Patent further claims that the structure includes a "fresh water feeding pipe system that allows entrance of fresh water and results in water removal by displacement of

surface water through the skimmer system." (Appx. Ex. 1, '514 Patent, at col. 19, lns. 36–38.) Similarly, the '822 Patent claims "feeding the water body with inlet water to generate displacement of surface water…and removing displaced surface water using the skimmers." (Appx. Ex. 3, '822 Patent, col. 20, lns. 1–5.) As properly construed, these claims of the '514 and '822 Patents require elimination/disposal of the surface water through the skimmers.

There is no dispute that the Hard Rock Lagoon's skimmers *recycle* surface water through the filtration and cleaning system. (Appx. Ex. 4, Cloward Decl., at ¶¶ 7–10.) The skimmers do not eliminate displaced surface water. (*Id.*) Thus, after proper construction of the claims, there is no factual dispute that the Hard Rock Lagoon does not use fresh/inlet water to results in water removal by displacement of surface water through the skimmers. Since this is a requirement of the asserted claims of the '514 and '822 Patent, the Court should grant summary judgment of non-infringement as to claims 1–4 and 7 of the '514 Patent and claims 1, 7 and 9 of the '822 Patent.

      **4. The Hard Rock Lagoon does not use a suction device as a replacement to traditional water filtration.**

The '514 Patent also claims a "pumping system including a coupling means connected to a moveable suction device for cleaning the plastic liner." (*See* Appx. Ex. 1, '514 Patent, at col. 19, lns. 38–40.) And the '822 Patent comparably claims "removing precipitated impurities from the bottom with a movable suction device." (Appx. Ex. 3, '822 Patent at col. 19, lns. 66–67.) "Movable suction device" is properly construed to mean a cleaning device for removal of debris and suspended solids that *completely replaces* a traditional filtering system together with the use of flocculants. Both the '514 Patent and '822 Patent's specification provides:

> "It is important to keep in mind that the objective of the suction device is not only the cleaning of the bottom in the described process, as is the case of vacuum devices of traditional pools, but that *said suction device replaces*

8

> *completely the traditional filtering system of swimming pools* together with the use of flocculants."

(*See* Appx. Ex. 1, '514 Patent at col. 9, lns. 1–6; Appx. Ex. 3, '822 Patent at col. 9, lns. 11–15) (emphasis added).

As set forth above, it is undisputed that the Hard Rock Lagoon utilizes a filtration system. Therefore, there is no dispute that the Hard Rock Lagoon does not use a suction device as a complete replacement to a filtration system. Since this is a requirement of the asserted claims of the '514 and '822 Patents,, summary judgment of non-infringement is appropriate with respect to claims 1–4 and 7 of the '514 Patent and claims 1, 7 and 9 of the '822 Patent.

> **B. Cloward H2O does not infringe the asserted claims of the '520 patent because the entirety of the Hard Rock Lagoon is chemically treated and filtered to the same standards regardless of water salinity or temperature.**
>
> **1. The entire Hard Rock Lagoon is intended for recreational purposes.**

The '520 Patent claims "a method for controlling microbiological properties of a portion of water within a water body, comprising … identifying a portion of water intended for recreational purposes within the water body." (Appx. Ex. 2,'520 Patent at col. 19, lns. 34–38.) "[P]ortion of water [within a water body]" is properly construed as part of the entire water body.

It is undisputed that the *entirety* of the Hard Rock Lagoon is intended for recreational purposes. (Appx. Ex. 4, Cloward Decl. at ¶ 4.) This results in *no portion* of the Hard Rock Lagoon's water body being intended for recreational purposes as opposed to any other portion that is not. Further, the Hard Rock Lagoon is not designed to control microbiological properties for only a portion of the Hard Rock Lagoon—it is designed to equally control the *entirety* of the Hard Rock Lagoon. (*Id.*)

Accordingly there is no factual dispute that the Hard Rock Lagoon lacks a part of water intended for recreational purposes as opposed to any part that is not and lacks a delimiting zone

to delimit a treated portion of the Hard Rock Lagoon from an untreated portion. Therefore, summary judgment of non-infringement is appropriate with respect to the asserted claims of the '520 Patent (claims 1, 2, 5, 9, 11, and 14).

and summary judgment should be granted as to the Asserted Claims of the '520 Patent.

### 2. Water maintenance of the Hard Rock Lagoon's is consistent with conventional swimming pool maintenance for maintaining a permanently high ORP regardless of water salinity or temperature.

The '520 Patent requires "determining the minimum ORP value based on the salinity of the water" and "determining the minimum period of time [to maintain the minimum ORP] based on the water temperature." (Appx. Ex. 2, '520 Patent at col. 19, lns. 52–53, 66–67.) "Determining the minimum ORP value based on the salinity of the water" is properly construed as one performing the provided calculation or choice for the minimum ORP governed by the salinity of the water at the most unfavorable zone. Similarly, "determining the minimum period of time based on the water temperature" is properly construed to mean performing the provided calculation or choice for the minimum period of time governed by the water temperature at the most unfavorable zone.

But water maintenance for the Hard Rock Lagoons is consistent with conventional swimming pool maintenance, maintaining a high ORP regardless of water salinity or temperature. (Appx. Ex. 4, Cloward Decl., at ¶ 21.)

Accordingly, there is no factual dispute that the water maintenance oat the Hard Rock Lagoon does not determine a minimum ORP value of minimum period of time to maintain the minimum ORP value based on the salinity and temperature of the water. Summary judgment of non-infringement is therefore appropriate for the asserted claims of the '520 Patent (claims 1, 2, 5, 9, 11, and 14).

## IV. CONCLUSION

For the foregoing reasons, Cloward H2O respectfully requests that the Court grant its Motion and hold that Cloward H2O does not infringe any of the asserted claims of the Asserted Patents.

Dated: May 24, 2021

                by: */s/ Jared J. Braithwaite*
                    Jared J. Braithwaite
                    Daniel R. Barber
                    Alexis K. Juergens
                    MASCHOFF BRENNAN

                    Attorneys for Defendant Cloward H2O LLC