Glenn R. Bronson (7362)
GRBronson@traskbritt.com
James C. Watson (13395)
JCWatson@traskbritt.com
TRASKBRITT, PC
230 South 500 East, Suite 300
Salt Lake City, UT 84102
Tel: (801) 532-1922
Fax: (801) 531-9168

Anthony R. Zeuli (*Admitted Pro Hac Vice*)
TZeuli@merchantgould.com
Eric R. Chad (*Admitted Pro Hac Vice*)
EChad@merchantgould.com
Karen L. Beckman (*Admitted Pro Hac Vice*)
KBeckman@merchantgould.com
Peter S. Selness (*Pro Hac Vice)*
PSelness@merchantgould.com
MERCHANT & GOULD P.C.
2200 Fifth Street Towers
150 South Fifth Street
Minneapolis, MN 55402-4247
Tel: (612) 332-5300
Fax: (612) 332-9081

*Attorneys for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| CRYSTAL LAGOONS U.S. CORP. AND CRYSTAL LAGOONS TECHNOLOGIES INC., <br><br> Plaintiffs, <br><br> vs. <br><br> CLOWARD H2O LLC, <br><br> Defendant. | **PLAINTIFFS' MOTION TO VACATE HEARING ON CLOWARD H2O LLC'S MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT IN LIGHT OF CLAIM CONSTRUCTION** <br><br> Case No. 2:19-cv-00796-BSJ <br><br> District Judge Bruce S. Jenkins <br><br> JURY DEMANDED |

Plaintiffs request that the Court vacate the October 5, 2021 hearing because the underlying motion for summary judgment is now moot.

Cloward H2O LLC's ("Cloward") second motion for summary judgment is based entirely on the Court's adoption of Cloward's proposed claim constructions. (Dkt. 118 at 1, 4 ("Cloward H2O LLC's Motion For Summary Judgment of Non-Infringement *in Light of Claim Construction*" and "if the Court construes the claims *in accordance with any of Cloward H2O's proposed constructions*") (emphasis added).) It was filed pursuant to Local Patent Rule 6.2, which limits alleged dispositive issues to those based on "construction of a term":

> LPR 6.2 SUMMARY JUDGMENT Whenever construction of a term may be dispositive of an issue, any motion for partial summary judgment on that issue must be filed at the same time the moving party files its Cross-Motion for Claim Construction. See LPR 4. All other dispositive motions must be filed within the time provided in LPR 6.1. All motions for summary judgment in patent cases subject to these rules must comply with local rule DUCivR 56-1.

(LPR 6.2; *see also* Dkt. 118 at 4 (citing to LPR 6.2).) The claim construction hearing was held on September 2, 2021. (Dkt. 147.) At the hearing, the Court did not adopt Cloward's proposed constructions and ruled that the claim terms needed no construction. (Claim Construction Hearing Transcript, Ex. A.) No terms were construed by the Court.[1] Thus, Cloward's second motion for summary judgment is moot, and the October 5, 2021 hearing should be vacated.

Also, because Cloward chose to file an earlier motion for summary judgment on many of the same issues, Dkt. 42, which was denied, it cannot argue that this second summary judgment motion can go forward separated from claim construction and LPR 6.2. Courts in the Tenth Circuit disfavor the practice of a party filing multiple, successive summary judgment motions,

---

[1] Plaintiffs did not oppose Cloward's construction of "portion of water," which is found only in one of the three patents, U.S. 8,753,520. However, Cloward's summary judgment argument does not turn on that term alone and requires other claim limitations that were not construed by the Court. (Dkt. 118 at 9-10.)

1

especially on the same record. *L-3 Communs. Corp. v. Jaxon Eng'g & Maint., Inc.*, 125 F. Supp. 3d 1155, 1162 (D. Colo. 2015) ("[W]e certainly do not approve in general of the piecemeal consideration of successive motions for summary judgment, since defendants might well normally be held to the requirement that [they] present their strongest case for summary judgment when the matter is first raised.")

If the Court decides not to vacate the hearing, however, Plaintiffs respectfully request that the hearing be held via Zoom or similar remote technology given the rise in the number of Delta-variant breakthrough COVID cases.

| | |
|---|---|
| Date: September 24, 2021 | By: /s/ James C. Watson<br>James C. Watson (13395)<br>JCWatson@traskbritt.com<br>Glenn R. Bronson (7362)<br>GRBronson@traskbritt.com<br>TRASKBRITT, PC<br>230 South 500 East, Suite 300<br>Salt Lake City, UT 84102<br>Tel: (801) 532-1922<br>Fax: (801) 531-9168<br><br>Anthony R. Zeuli (*Admitted Pro Hac Vice*)<br>TZeuli@merchantgould.com<br>Eric R. Chad (*Admitted Pro Hac Vice*)<br>EChad@merchantgould.com<br>Karen L. Beckman (*Admitted Pro Hac Vice*)<br>KBeckman@merchantgould.com<br>Peter S. Selness (*Pro Hac Vice)*<br>PSelness@merchantgould.com<br>MERCHANT & GOULD P.C.<br>2200 Fifth Street Towers<br>150 South Fifth Street<br>Minneapolis, MN 55402-4247<br>Tel: (612) 332-5300<br>Fax: (612) 332-9081<br><br>*Counsel for Plaintiffs Crystal Lagoons US Corp and Crystal Lagoons Technologies Inc.* |

**CERTIFICATE OF SERVICE**

I hereby certify that on September 24, 2021, I electronically filed the foregoing **PLAINTIFFS' MOTION TO VACATE HEARING ON CLOWARD H2O LLC'S MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT IN LIGHT OF CLAIM CONSTRUCTION** with the Clerk of Court using the CM / ECF system which sent notification of such filing to the parties on file with the Official Court Electronic Document Filing System.

                                              /s/      Colette V. Dubois