UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| CRYSTAL LAGOONS U.S. CORP.; and CRYSTAL LAGOONS TECHNOLOGIES INC., <br><br> Plaintiffs, <br><br> v. <br><br> PACIFIC AQUASCAPE INTERNATIONAL, INC., <br><br> Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART MOTIONS FOR LEAVE TO FILE SEALED DOCUMENTS (DOC. NOS. 419 & 423)** <br><br> Case No. 2:19-cv-00796 <br><br> Chief District Judge Robert J. Shelby <br><br> Magistrate Judge Daphne A. Oberg |

Plaintiffs Crystal Lagoons U.S. Corp. and Crystal Lagoons Technologies Inc. (collectively, "Crystal Lagoons") filed a motion to seal[1] in connection with Crystal Lagoons' oppositions[2] to Defendant Pacific Aquascape International, Inc.'s motions in limine[3] and motions to exclude expert testimony.[4] Crystal Lagoons seeks to seal certain exhibits to the oppositions and related portions of the oppositions. Because Crystal Lagoons' motion to seal was based partly on confidentiality designations of Pacific and dismissed defendant Cloward H2O LLC, Pacific and Cloward jointly filed a

---

[1] (Pls.' Mot. to File Under Seal, Doc. No. 419.)

[2] (Doc. Nos. 411, 412, 413, & 414.)

[3] (Doc. Nos. 362 & 363.)

[4] (Doc. Nos. 369 & 372.)

1

separate motion to seal certain exhibits and related portions of the oppositions.[5]  For the reasons explained below, the motions to seal[6] are granted in part and denied in part.

## LEGAL STANDARDS

"Courts have long recognized a common-law right of access to judicial records."[7]  Indeed, the District of Utah's local rules provide that court records are "presumptively open to the public," and sealing of court records is "highly discouraged."[8]  However, the right of public access is "not absolute."[9]  "[T]he presumption in favor of access to judicial records may be overcome where countervailing interests heavily outweigh the public interests in access."[10]  "The burden is on the party seeking to restrict access to show some significant interest that outweighs the presumption."[11]  Further, under the local rules, a motion to seal must be "narrowly tailored to seek protection of only the specific information that the party alleges is truly deserving of protection."[12]

---

[5] (Pacific Aquascape International, Inc. and Cloward H20 LLC's Mot. to File Under Seal Certain Exs. Filed by Pls. ("Pacific and Cloward Mot. to Seal"), Doc. No. 423.)

[6] (Doc. Nos. 419 & 423.)

[7] *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241 (10th Cir. 2012) (quoting *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007)).

[8] DUCivR 5-3(a)(1).

[9] *Colony Ins. Co.*, 698 F.3d at 1241 (citation omitted).

[10] *Id.* (internal quotation marks omitted).

[11] *Id.* (internal quotation marks omitted).

[12] DUCivR 5-3(b)(2)(A).

ANALYSIS

### A. Opposition to Motion in Limine to Preclude Allegations of Noncompliance With Pool Codes, and Exhibit 3

Crystal Lagoons moves to seal Exhibit 3[13] and related portions of this opposition[14] based on Cloward's confidentiality designation.[15] Pacific and Cloward move to seal Exhibit 3 (a letter from Cloward to a nonparty customer), arguing it contains confidential business information of Cloward and the other nonparty.[16] Pacific and Cloward do not seek to seal any portion of the opposition.[17]

For the reasons stated in Pacific and Cloward's motion to seal, Exhibit 3 warrants sealing.[18] Where the exhibit is filed in connection with briefing on a nondispositive motion, the nonparties' confidentiality interests outweigh the public interest in access at this stage.[19] Exhibit 3 shall remain sealed until otherwise ordered. But the unredacted version of the opposition shall be unsealed, where no party seeks to seal it.

---

[13] (Doc. No. 415-3.)

[14] (Doc. Nos. 411 (redacted), 415 (sealed, unredacted version).)

[15] (Pls.' Mot. to File Under Seal 2, Doc. No. 419.)

[16] (*See* Pacific and Cloward Mot. to Seal 2, Doc. No. 423.)

[17] (*See id.* at 3–4.)

[18] *See Deherrera v. Decker Truck Line, Inc.*, 820 F.3d 1147, 1162 n.8 (10th Cir. 2016) ("[A] party may overcome the presumption in favor of public access to judicial records by demonstrating the pages contain 'sources of business information that might harm a litigant's competitive standing.'" (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978))).

[19] *See id.* ("[T]he public's interest in access to judicial records is lessened when the contents are not 'used to determine [the] litigants' substantive legal rights.'" (second alteration in original) (quoting *Colony Ins. Co.*, 698 F.3d at 1242)).

### B. Opposition to Motion in Limine to Exclude Unpreserved Evidence and Testimony About Plaintiffs' Testing of the Accused Instrumentality, and Exhibit 1

Crystal Lagoons moves to seal Exhibit 1[20] (the transcript of Sigfrido Grimau's deposition) and related portions of this opposition,[21] arguing these documents contain sensitive technical information and confidential business information regarding testing performed by Crystal Lagoons.[22] Where Exhibit 1 is filed in connection with briefing on a nondispositive motion, and the redactions in the opposition are narrowly tailored, Crystal Lagoons' confidentiality interests outweigh the public interest in access at this stage. Therefore, Exhibit 1 and the unredacted opposition shall remain sealed until otherwise ordered.

### C. Opposition to Motion to Exclude Expert Richard F. Bero, and Exhibits A Through E

Crystal Lagoons seeks to seal Exhibit A[23] (a spreadsheet summarizing Crystal Lagoons' licensing agreements) and related portions of this opposition,[24] arguing these documents contain confidential information regarding Crystal Lagoons' business with third parties.[25] Crystal Lagoons also seeks to seal portions of the opposition discussing information from the expert report of Richard Bero, which the court has previously ruled

---

[20] (Doc. No. 416-1.)

[21] (Doc. Nos. 412 (redacted), 416 (sealed, unredacted version).)

[22] (*See* Pls.' Mot. to File Under Seal 2, Doc. No. 419.)

[23] (Doc. No. 417-1.)

[24] (Doc. Nos. 413 (redacted), 417 (sealed, unredacted version).)

[25] (*See* Pls.' Mot. to File Under Seal 3, Doc. No. 419.)

warrants sealing at this stage.[26]  Where Exhibit A is filed in connection with briefing on a nondispositive motion, Crystal Lagoons' confidentiality interests outweigh the public interest in access at this stage.  Further, the redactions in the opposition are narrowly tailored to protect confidential information in Exhibit A and Mr. Bero's report.  Therefore, Exhibit A and the unredacted opposition shall remain sealed until otherwise ordered.

     Crystal Lagoons also moves to seal Exhibits B through E to the opposition based solely on confidentiality designations made by Pacific and Cloward.[27]  Pacific and Cloward move to seal Exhibit D[28] (Jennifer Norlin's expert report) and Exhibit E[29] (Christopher Lidstone's rebuttal expert report), arguing they contain confidential information of Cloward and other nonparties.[30]  Pacific and Cloward do not seek to seal Exhibit B[31] (Mr. Lidstone's expert report) or Exhibit C[32] (Ms. Norlin's rebuttal expert report) but note Exhibit B contains some information designated as confidential by nonparties.[33]  However, the expert reports filed as Exhibits B through E have all now been filed publicly by Pacific in connection with Pacific's motion for summary

---

[26] (*See* Doc. Nos. 402, 454 (granting leave to file Mr. Bero's report under seal).)

[27] (*See* Pls.' Mot. to File Under Seal 3–4, Doc. No. 419.)

[28] (Doc. No. 417-4.)

[29] (Doc. No. 417-5.)

[30] (*See* Pacific and Cloward Mot. to Seal 2–3, Doc. No. 423.)

[31] (Doc. No. 417-2.)

[32] (Doc. No. 417-3.)

[33] (*Id.* at 4.)

judgment,[34] pursuant to the court's May 23, 2024 order.[35] Where the expert reports at issue are already in the public record, Exhibits B through E shall be unsealed.

### D. Opposition to Motion to Exclude Expert Christopher D. Lidstone, and Exhibits A Through C

Crystal Lagoons filed this opposition[36] publicly but moves to seal Exhibits A, B, and C.[37] Exhibit A[38] is Mr. Bero's expert report, which, as noted, the court has previously permitted to be filed under seal.[39] Accordingly, Exhibit A shall remain sealed until otherwise ordered.

Exhibit B[40] is the same spreadsheet regarding Crystal Lagoons' licensing agreements that was filed as Exhibit A to Crystal Lagoons' opposition to the motion to exclude expert testimony of Richard Bero, addressed above. For the reasons stated above, Exhibit B shall remain sealed until otherwise ordered.

Exhibit C[41] is an expert report prepared by Christopher Lidstone in a related case. Crystal Lagoons moves to seal it solely based on Pacific's confidentiality

---

[34] (*See* Doc. Nos. 422-2 (Lidstone expert report), 422-3 (Lidstone rebuttal expert report), 422-5 (Norlin expert report), & 422-6 (Norlin rebuttal expert report).)

[35] (Doc. No. 402.)

[36] (Doc. No. 414.)

[37] (*See* Pls.' Mot. to File Under Seal 4–5, Doc. No. 419.)

[38] (Doc. No. 418-1.)

[39] (*See* Doc. Nos. 402, 454.)

[40] (Doc. No. 418-2.)

[41] (Doc. No. 418-3.)

designations,[42] and Pacific does not seek to seal it.[43] Accordingly, Exhibit C shall be unsealed.

## CONCLUSION

The motions to seal[44] are granted in part and denied in part, and the court ORDERS as follows:

1. The clerk's office is directed to unseal the following documents:

   - Docket number 415 (main document only) (Crystal Lagoons' unredacted opposition to Pacific's motion in limine to preclude allegations of noncompliance with pool codes);

   - Docket numbers 417-2, 417-3, 417-4, and 417-5 (Exhibits B through E to Crystal Lagoons' opposition to Pacific's motion to exclude expert Richard Bero); and

   - Docket number 418-3 (Exhibit C to Crystal Lagoons' opposition to Pacific's motion to exclude expert Christopher Lidstone).

2. The following documents shall remain sealed until otherwise ordered:

   - Docket number 415-3 (Exhibit 3 to Crystal Lagoons' opposition to Pacific's motion in limine to preclude allegations of noncompliance with pool codes);

---

[42] (*See* Pls.' Mot. to File Under Seal 5, Doc. No. 419.)

[43] (*See* Pacific and Cloward Mot. to Seal 4, Doc. No. 423.)

[44] (Doc. Nos. 419 & 423.)

- Docket numbers 416 and 416-1 (Crystal Lagoons' unredacted opposition to Pacific's motion in limine to exclude unpreserved evidence and testimony about testing of the accused instrumentality, and Exhibit 1 thereto);

- Docket numbers 417 and 417-1 (Crystal Lagoons' unredacted opposition to Pacific's motion to exclude expert Richard Bero, and Exhibit A thereto); and

- Docket numbers 418-1 and 418-2 (Exhibits A and B to Crystal Lagoons' unredacted opposition to Pacific's motion to exclude expert Christopher Lidstone).

3. Any finding in this order that a document warrants sealing may be revisited if the sealed information is later used to determine the parties' substantive legal rights.

DATED this 21st day of October, 2024.

BY THE COURT:

_Daphne A. Oberg_
Daphne A. Oberg
United States Magistrate Judge